**STT HOLDINGS, LLC f/k/a Speartip Technologies, LLC, Appellant/Cross–Respondent,**

v.

**David WREN, Respondent/Cross–Appellant, and Wren and Associates, LLC d/b/a Network Technology Partners, Respondent.**

No. ED 99763.

Missouri Court of Appeals, Eastern District, Division Three.

Jan. 7, 2014.

Michael D. Quinlan, St. Louis, MO, for appellant.

Robert Herman, St. Louis, MO, for respondent.

Before MARY K. HOFF, P.J., KURT S. ODENWALD, J., and ANGELA T. QUIGLESS.

### ORDER

PER CURIAM.

STT Holdings, LLC f/k/a SpearTip Technologies, LLC (STT) filed a multi-count petition against: (1) its former member, manager, and employee, David Wren; and (2) Wren's company, Wren and Associates, LLC d/b/a Network Technology Partners (NTP). Wren filed a counterclaim asserting several counts against STT. After a bench trial, the Circuit Court of St. Louis County entered judgment in favor of STT on three of the claims and in favor of Wren on four claims.

STT appeals, arguing the trial court erred in entering judgment for Wren: (1) on Wren's claim for breach of contract because Wren was the first to breach; (2) on STT's claim for breach of the parties' non-compete agreement because STT is entitled to nominal damages; (3) on STT's claim for breach of the non-compete because STT proved its damages; (4) on STT's claim for tortious interference with business expectancy because it proved each element of its claim; and (5) on STT's claim for breach of fiduciary duty because it proved each element of its claim. Wren cross-appeals, asserting the trial court erred in: (1) excluding evidence involving recalculation of Wren's interest in STT as being outside the scope of the pleadings; and (2) holding Wren liable for repayment of advances because there is no evidence of an agreement for personal repayment of the advances.

We have reviewed the briefs of the parties and the record on appeal and find that the judgment is supported by substantial evidence and is not against the weight of the evidence. We also find that no error

81

of law appears. An extended opinion reciting the detailed facts and restating the principles of law applicable to this case would have no precedential value. We have, however, provided a memorandum for the use of the parties only setting forth the reasons for our decision.

We affirm the judgment pursuant to Rule 84.16(b).